RIEGEL and others *vs.* RINEHART and others.

1. The "act to authorize the establishment, and to prescribe the duties, of companies for manufacturing and other purposes," does not authorize a decree of personal liability against individual directors, for the debts of the corporation, at the suit of a stockholder, as such.

2. Nor will a charge of usurpation of office, and destruction of corporate property by individual directors, entitle a stockholder, as such, to such decree, under the provisions of that act.

---

On final hearing, on pleadings and proofs.

*Mr. Oscar Jeffrey* and *Mr. J. G. Shipman*, for complainants.

*Mr. M. Wyckoff* and *Mr. J. T. Bird*, for defendants.

THE CHANCELLOR.

The complainants are stockholders of The Changewater Manufacturing Company, which was, on the 17th of July, 1871, organized as a corporation, under the "act to authorize the establishment, and to prescribe the duties, of companies for manufacturing and other purposes." By act approved on the 13th of March, 1873, the legislature constituted certain persons (being, as alleged, all of the then stockholders of the company), and their associates, a body corporate and politic, in fact and in law, by the name of "The Changewater Manufacturing Company." Under that act the stockholders of the first mentioned company organized, on the 13th of April, 1873. On that day they held a meeting for the purpose, at which the act of incorporation was read, and they then elected seven directors of the company, in accordance therewith. Under the first mentioned organization the number of directors was nine. It appears to have been assumed that, notwithstanding the provisions of the charter, and although it did not provide for the merger of the existing corporation, under the general law, in that which was created by the special act, the former was, in fact, by the act and the election of directors under it, transformed from a corporation, under the general law to a corporation under the special act. The board of directors chosen at the stockholders meeting in April, 1873, carried on the business of the company, with the company's property, as their predecessors had done. They were succeeded by another board of seven directors, elected at a meeting of the stockholders, held on the 14th of May, 1874. The bill was filed on the 11th of December, 1874, against the company and five of the last board of directors. It states the organization of the company under the general law, the passage of the special act, and the alleged organization under it, but insists, that that organization was and is invalid, and that the company still exists under the general law, and under that law alone. It states that the company is insolvent, and claims that, by virtue of the provisions of the general law, the defendant directors,

who were elected in 1873, and again in 1874, have become personally liable for the excess of the debts over the capital stock paid in, and for all the debts contracted by them. It prays an injunction and a receiver, and a dissolution of the corporation, and that the directors, who are made defendants to the bill, may be decreed to be, jointly and severally, personally liable to pay all the debts of the company, contracted during their directorship. On the filing of the bill, an injunction was issued. The company, and three of the other defendants, have answered. They allege that the organization, under the general law, was invalid, for defect in the certificate of incorporation, and claim that the organization, under the special act, was and is valid. They insist, that the two directors of the last board, who are not parties, are necessary parties to the bill, in case a decree is to be made against the defendant directors on the ground of personal liability under the general law, and they claim the benefit of the objection. The answer admits the insolvency of the company, and it was conceded on the hearing.

The right of the complainants to a receiver is clear. The view I entertain of the claim for relief against the defendant directors, personally, renders it unnecessary to consider the objection made on the ground of non-joinder. The complainants file their bill as stockholders merely, and they base the claim of personal liability on the part of the five directors, who are made defendants, on the provisions of the general law. It is true, they allege that those persons usurped office, and are destroying the corporate property, but they found their claim to a personal decree, expressly upon the provisions of the general law. The personal liability under that law, which they seek to enforce, is to the creditors of the company, and those creditors have their remedy at law, and in this court, in the premises. The thirty-third section of the act, (*Nix. Dig., p.* 538,) provides, that any officer or stockholder of a company, who shall pay any debt of the company for which he is made liable by the provisions of the act, may recover the amount so paid, in an action

against the company, for money paid for their use, in which action the property of the company only shall be liable to be taken, and not the property of any stockholder. So that the liability in question is for the benefit of creditors only. It clearly appears that the defendants, Samuel Rinehart, Victor Castner and Marshall Burd, conspired to usurp the control of the corporation and its property, and secured the election of themselves and four others to office, as directors, by voting, both at the annual election of 1873 and the annual election of 1874, on large amounts of stock subscribed by them on the 18th of February, 1873, but on which they never paid anything. On the 17th of March, 1873, the directors made a call for the payment of twenty per cent. of the par value of that stock, on or before the 20th of that month, declaring that, in default thereof, the stock should be cancelled, but none of the subscribers ever paid anything whatever on account of the stock. On this stock thus forfeited, the defendants, Samuel Rinehart, Victor Castner and Marshall Burd, voted at both the annual elections above mentioned, and by their votes elected themselves, and those whom they desired to associate with them, directors of the company.

Notwithstanding nothing was ever paid on this stock, it was not cancelled until the 7th of December, 1874, four days before the filing of the bill in this cause, when the board of directors directed the secretary to cancel it. It is urged, that the defendants, Samuel Rinehart, Victor Castner and Marshall Burd, by such subscription of, and voting upon, that stock, incurred liability, under the statute, to pay so much of the par value thereof as may be necessary to pay the debts of the company, after application of its assets, and that they may be called to account accordingly, in the premises, in this suit. But such liability, if it exists, is in favor of creditors alone, and may be enforced by proceedings in their behalf, to that end. In addition to the foregoing considerations, it may be observed, that all of the complainants were directors from the beginning, up to the 22d of March, 1873, when they all resigned, and that, with the exception of

Jacob M. Peltz, not one of them has paid up his subscription to the stock of the company, in full. The validity of the incorporation under the special act is denied by the complainants, and, on the other hand, the validity of the incorporation under the general law is denied by the answering defendants. The bill, as to the defendant directors, will be dismissed, without costs, and a receiver will be appointed.